

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

ENTERED
07/30/2019

| | | |
|---|---|---|
| IN RE: § | | |
| APOLLO COMPANIES INC; dba APOLLO § | CASE NO: 17-80148 | |
| OFFICE SYSTEMS LLC; dba SOUTHWEST § | | |
| OFFICE SYSTEMS § | | |
|     Debtor(s) § | | |
| § | CHAPTER 11 | |
| § | | |
| APOLLO COMPANIES INC § | | |
|     Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 18-8019 | |
| § | | |
| SURVEY 1, INC. § | | |
|     Defendant(s) § | | |

## MEMORANDUM OPINION

The Court held a trial in this adversary proceeding on July 29, 2019. After considering the pleadings, evidence, testimony, and arguments of the parties, the Court makes the following findings of fact and conclusions of law under Federal Rule of Civil Procedure 52, as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014. To the extent that any finding of fact is construed to be a conclusion of law, it is adopted as such. To the extent that any conclusion of law is construed to be a finding of fact, it is adopted as such. The Court reserves the right to make any additional findings and conclusions as may be necessary or as requested by any party.

On September 28, 2018, the plaintiff, Apollo Companies Inc, (hereinafter "Apollo") initiated this adversary proceeding by filing a complaint against Survey 1, Inc. (hereinafter "Survey"). The plaintiff seeks $15,624.74, plus court costs, expenses, and attorney fees on two written agreements. The defendant seeks a take nothing judgment. For the following reasons, the Court finds the plaintiff has failed to meet its burden of proof. Therefore, the plaintiff cannot recover on its claim and the Court will enter judgment for the defendant and against the plaintiff.

The parties have entered a Joint Pretrial Stipulation that the Court adopts (ECF No. 34). The parties have stipulated to jurisdiction and venue. On May 5, 2017, Apollo filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Apollo's Chapter 11 plan has been confirmed. Apollo has filed numerous adversary proceedings such as this one to collect on past due accounts. Apollo's business includes the sale and service of photocopiers. Survey appears to be a land surveying company, which uses copiers to duplicate its survey documents. Apollo provided Survey with copiers, as well as service and supplies for those copiers.

The instant matter involves a dispute over written contracts. Each contract is titled as an "Equipment Agreement" and includes a copier lease and a maintenance agreement. The copier leases were financed and performed by third-party finance companies and Apollo provided maintenance service, replacement parts, toner, and fuser supplies. Neither of the "Equipment Agreements" were introduced into evidence. However, the parties have stipulated that there were two written agreements between Apollo and Survey and the authenticity and contents of these agreements were not disputed. Both agreements provide for a base copy charge and a per copy charge after a copy allowance. A major portion of the amount sought by Apollo is a single charge of $15,086.19 on July 10, 2018, for "EARLY CONTRACT TERMINATION." The two stipulated written contracts were consistently referred to at trial as was a July 18, 2018, statement of account which included this charge. The statements and invoices that provide the billing on these two written contracts were also not introduced into evidence, nor was there specific testimony as to the calculation of this termination charge.

Regardless, the Court's finding that the plaintiff failed to meet its burden would remain unchanged even if the written contracts had been properly offered and admitted. However, the plaintiff's failure to introduce a specific invoice with a detail of the calculation of the $15,086.19

charge, along with the lack of specific testimony as to the calculation of that charge, is a major factor in this Court's finding that the plaintiff failure to meet its burden of proof.

Apollo had the burden of proving its case by a preponderance of the evidence. The plaintiff's only witness was Jeffrey Edward Foley (hereinafter "Foley"). The Court finds Foley's testimony unreliable. His testimony was often evasive and contradictory. Foley testified for about 90 minutes, but frequently could not remember his own testimony. His answers were often illogical, and this undermines his entire testimony. He testified that the written agreements between Apollo and Survey supported a $350 "early termination fee." However, the contract terms to which Foley repeatedly referenced **clearly did not support any** "early termination fee." Also, no other contract terms that the Court reviewed appeared to support this charge.[1] The "early termination fees" are not provided for in the contracts. It is a charge that Apollo made up. Further, Foley testified that Apollo charged the defendant $15,086.19 on July 10, 2018, as damages for early contract terminations, which included the two fictitious "early termination fees" (one on each copier) but provided no detail or basis for the charge. Therefore, the Court concludes that the charge contains fictitious charges.[2] Also, the plaintiff cannot meet its evidentiary burden based on the testimony of one unreliable witness.

Importantly, the record shows that Apollo never provided a calculation of the $15,086.19 charge to Survey. Nor did it seek to admit any documentary evidence or offer detailed testimony as to how this charge was calculated. Foley also testified that Apollo charged 18% or 19% interest on some invoices to Survey but could not provide any legal or contractual basis for such

---

[1] The Court notes that it reviewed the two written agreements during testimony even though the contracts were not introduced into evidence based on the pretrial stipulation.
[2] The Court notes that there could possibly be credible charges in the $15,086.19 charged by Apollo to Survey; however, the Court simply cannot evaluate if this is the case. With no detail, no invoice and no calculation of the charged amount and the Court's finding of the inclusion of charges that are clearly fictious, the plaintiff has not and cannot meet its burden of proof.

charges. The written agreements do not provide for interest. Foley also testified that the $15,624.74 charge included charges due on three contracts even though only two contracts were referred to in trial. Foley's testimony that Survey should have made inquiry for Survey to determine how Apollo calculated of the charge of $15,086.19, rather than Apollo providing the specific details of this charge strains credulity. As a result, taken as a whole, the Court finds Foley's testimony not credible.

Conversely, Survey's witnesses were credible and more reliable than Foley. The testimony of Melody Breneman, Trina McCardy, and Gavin Duvall were neither evasive nor contradictory. Melody Brenerman, an owner of Survey, testified that she paid all her invoices from Apollo until April or May of 2018. She stated the services provided by Apollo were sometimes substandard, as was the generic toner that it sometimes provided per the contract. She testified that she never received the disputed invoice of $15,086.19, nor an explanation of the how the charge was calculated.[3] She also testified that the meter readings provided by Apollo were based on a printout from her copiers and that she could not explain why her printouts differed from the information provided by the installed software. However, the Court notes that Apollo never provided any testimony as to why its software method of calculating copy counts was any more reliable than Survey's printing.[4] The testimony of Trina McCardy, Survey's Office Assistant, and Gavin Duvall, Survey's Network System Administrator, was consistent with and supported the testimony of Melody Brenerman.

In summary, the Court bases this opinion on the plaintiff's failure to meet its burden on proof. The Court finds that the plaintiff has failed to meet its burden of proof and that it is not

---

[3] The Court finds that no invoice of the $15,086.19 charge was introduced into evidence. There was also no credible testimony of how this charge was calculated. The Court understands Survey's concerns regarding receiving a statement exceeding $15,000 without **any** detail.
[4] The Court again notes that the plaintiff had the burden of proof in this case. If the evidence of a certain event ends up in a "tie," then the party with the burden has failed to meet its burden of proof.

entitled to any damages in this case.  A separate judgment shall issue.

SIGNED: 07/30/2019.

_____
Jeffrey P. Norman
United States Bankruptcy Judge